[Cite as *State v. Marfel Motors, Inc.*, 2018-Ohio-1461.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO/CITY OF HAMILTON | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-06-089 |
| | : | O P I N I O N |
| - vs - | | 4/16/2018 |
| | : | |
| MARFEL MOTORS, INC., | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 17CRB00802-A


Thomas A. Dierling, Hamilton City Prosecutor, 345 High Street, 2nd Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Holcomb & Hyde LLC, Richard A. Hyde, 332 High Street, Hamilton, Ohio 45011, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Marfel Motors, Inc., appeals from its conviction in the Hamilton Municipal Court for violating a zoning ordinance by operating a business without being issued a certificate of zoning compliance for the business' property. For the reasons set forth below, we affirm appellant's conviction.

{¶ 2} On January 9, 2017, a complaint was filed in the Hamilton Municipal Court

charging appellant with a zoning violation for operating a business without being issued a certificate of zoning compliance, as required by Section 1150.40 of the Codified Ordinances of the city of Hamilton. The affidavit attached to the complaint stated that on October 20, 2016, Larry Bagford, a planning and zoning specialist for the city of Hamilton, observed appellant operating an auto sales business at 2050 South Erie Boulevard in Hamilton, Ohio. The affidavit further stated appellant continued to operate its business despite being ordered to cease all operations and remove all vehicles for sale from the property as the city's community development office had no record of a conditional use approval or the required certificate of zoning compliance being issued.

{¶ 3} Appellant entered a not guilty plea to the charge and a bench trial was held on May 25, 2017. The city called Bagford as its sole witness. Bagford testified that he has worked for the city of Hamilton for 20 years. In July 2016, he received a complaint about appellant's business, which was located at 2050 South Erie Boulevard in the city of Hamilton. Bagford went to the property to investigate the complaint and found a sign advertising "Marfel Motors, Incorporated" and several vehicles for sale. Bagford issued a notice of violation to the business, as it had not been issued a certificate of zoning compliance. Although appellant was ordered to cease its operations and remove all vehicles from the property, it failed to do so. It also failed to take steps to remedy its violation, as it failed to contact the community development office to seek conditional use approval for the operation of the auto sales business at the property. Bagford therefore filed a complaint charging appellant with violating Hamilton Codified Ordinances Section 1150.40, an ordinance that has been in effect since 1971.

{¶ 4} Bagford testified he took a number of steps in determining that appellant had not been issued a certificate of zoning compliance. He first checked the city of Hamilton's electronic "govern system," which keeps computerized records of permits and certificates

issued whenever there is a change of use or change to a building. Bagford explained that such records can be searched by the property's address, the owner's name, or by a permit number. When he searched by the property's address, he found "nothing" for an auto business or auto repair business.

{¶ 5} Bagford then checked the city's paper files, which are kept in the construction services department. Bagford pulled the file for "2050 South Erie Boulevard," which contained information pertaining to a strip mall located between 2020 and 2050 South Erie Boulevard. The file did not, however, contain any paperwork pertaining to a certificate of zoning compliance for use of a car lot at the property's address. Finally, Bagford testified he checked the board of zoning appeals' minutes for the last several years to see if a certificate of zoning compliance had been issued. However, after "going back several years," he found "nothing in there for an auto repair or auto sales" business.

{¶ 6} On cross-examination, Bagford was questioned about other businesses that had operated at 2050 South Erie Boulevard over the years. When asked whether he was aware that an auto sales business, Big Valley Parts and Auto Sales ("Big Valley"), had operated at the property "twenty years ago," Bagford stated he was not familiar with that business or its operation. He further stated that he looked at everything in the computerized records and paper file regarding 2050 South Erie Boulevard, and there was no approval for conditional use of the property for an auto business or auto repair business.

{¶ 7} Defense counsel presented Bagford with copies of vendor's licenses issued by the state of Ohio to appellant in 2011 and 2013, as well as motor vehicle dealer licenses issued by the state of Ohio to appellant in 2012 and 2014. The address associated with these licenses was "2050 South Erie Boulevard." Bagford explained that the state's decision to issue these licenses has no effect on whether a certificate of zoning compliance has been issued by the city. Bagford testified that the city "[has] been trying for several years [to get]

- 3 -

the state not to issue those licenses until they see a certificate of * * * use approval."

{¶ 8} Following Bagford's testimony, the trial court accepted into evidence photographs of appellant's business that were taken on October 20, 2016, which depicted appellant's business sign and various automobiles offered for sale. Thereafter, the city rested and appellant moved for acquittal pursuant to Crim.R. 29(A). After the trial court denied appellant's motion, appellant called Jerry Collins in its defense.

{¶ 9} Collins testified he owns the property at 2050 South Erie Boulevard. The property was built in 1955, and he became the owner in 1992. Collins rents the property to appellant, who began using the property for its auto sales business in 2011. Collins testified that prior to appellant's use of the property, the property had been used as a junk yard, a mechanic shop, an auto parts store, and an auto sales business. Collins specifically recalled Big Valley using the property to sell automobiles before he became the owner of the property in 1992.

{¶ 10} Collins explained that appellant had to get the city to turn the property's utilities on in 2011 so that appellant could operate its business. The city sent an inspector to "look over the electric, the plumbing, the heating and air, [and] everything." Collins believed a certificate of zoning compliance was issued to appellant around the time when the utilities had been turned on, but on cross-examination admitted that he had not actually seen the certificate and had "no knowledge" of whether the certificate ever existed.

{¶ 11} Collins testified that after appellant received notice that it was operating in violation of the city's zoning ordinances, he spoke with John Creech, an employee at the city's planning department. Collins observed Creech pull the paper file for 2050 South Erie Boulevard, but Creech was unable to locate an application for the auto sales business to operate on the property. Collins asked Creech whether the file had an application for the HVAC business Collins opened in 1992, but Creech was unable to locate that paperwork in

the file. When Collins asked Creech if it was possible the city lost the paperwork, Creech "didn't have an answer to that." Collins believed the city "could have lost" appellant's certificate of zoning compliance.

{¶ 12} Following Collins' testimony, the defense rested. After denying appellant's renewed motion for acquittal, the court found appellant guilty of violating Hamilton Codified Ordinances Section 1150.40. The court imposed a $400 fine and court costs.

{¶ 13} Appellant timely appealed its conviction, raising the following as its sole assignment of error:

{¶ 14} A FINDING OF GUILTY ON A CHARGE OF CERTIFICATES OF ZONING COMPLIANCE (HAMILTON MUNICIPAL ORDINANCE SECTION 1150.40) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE EVIDENCE IS INSUFFICIENT WHEN THE APPELLEE'S WITNESSES AT TRIAL CANNOT TESTIFY WITH CERTAINTY THAT AN APPLICATION FOR A CONDITIONAL USE PERMIT OR A CONDITIONAL USE PERMIT HAD [NOT] BEEN ISSUED FOR THE LOCATION IN QUESTION.

{¶ 15} In its sole assignment of error, appellant argues its conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.

{¶ 16} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997); *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 17} On the other hand, a manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66. An appellate court will overturn a conviction due to the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶ 18} Further, although the legal concepts of sufficiency of the evidence and weight of the evidence are quantitatively and qualitatively different, "[a] determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19.

{¶ 19} Appellant was found guilty of violating Section 1150.40 of the Codified Ordinances of the city of Hamilton, which provides, in relevant part, as follows:

> Certificates of Zoning Compliance: It shall be unlawful to use or occupy or permit the use or occupancy of any building or premises, or both, or part thereof hereafter created, erected, changed, converted or wholly or partly altered or enlarged in its use or structure until a Certificate of Zoning Compliance shall have been issued therefore by the City Manager or Designee stating that the proposed use of the building or land conforms to the requirements of this Ordinance. The [sic] may be issued in conjunction with a building permit.

No non-conforming structure or use shall be maintained, renewed, changed or extended until a Certificate of Zoning Compliance shall have been issued by the City Manager or Designee. * * *

* * *

City Manager or Designee shall maintain a record of all Certificates of Zoning Compliance, and copies shall be furnished upon request to any person for a fee.

Failure to obtain a Certificate of Zoning Compliance shall be a violation of this Ordinance and punishable under Section 1186.00, violation and penalty, of this Ordinance.

Pursuant to Hamilton Codified Ordinances Section 1186.00, "[a]ny person, firm, or corporation who violates, disobeys, omits, neglects, or refuses to comply with, or who resists the enforcement of any of the provisions of the Zoning Ordinance[s] * * * and all amendments thereto, shall be guilty of an unclassified misdemeanor and shall be fined not less than $250.00 or more than five hundred ($500.00) dollars for each offense."

{¶ 20} Appellant contends the state impermissibly shifted the burden of proof at trial to appellant to demonstrate that it had, in fact, been issued a certificate of zoning compliance. Appellant also asserts that the city "tacitly admitted" it lost the certificate of zoning compliance and other paperwork relating to appellant's use of the property as an auto sales business when Creech, an employee in the city's planning department, failed to answer Collins' inquiry about whether it was possible the city lost the paperwork.

{¶ 21} We find no merit to appellant's arguments. The burden of proof remained on the state to demonstrate beyond a reasonable doubt that appellant was in violation of Hamilton Codified Ordinances Section 1150.40 for not having been issued a certificate of zoning compliance. After reviewing the record, weighing inferences and examining the credibility of the witnesses, we find that appellant's conviction is supported by sufficient evidence and is not against the weight of the evidence. The city presented testimony and

evidence from which the trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. Bagford's testimony demonstrated appellant occupied and used the property at 2050 South Erie Boulevard without being issued a certificate of zoning compliance by the city. Bagford testified that despite appellant being notified in October 2016 that it was operating in violation of the city's zoning ordinances, it refused to cease its operations and continued to use the property for its auto sales business. Bagford examined the records the city maintains to see if a certificate of zoning compliance for the property had been issued, but neither the electronic records nor paper files associated with the property contained a certificate of zoning compliance pertaining to the operation of a car lot or auto sales business. Bagford also examined the board of zoning appeals' minutes for the past several years, but found no reference to a certificate of zoning compliance being issued to an auto sales business at 2050 South Erie Boulevard.

{¶ 22} As for appellant's claim that the city "tacitly admitted" to losing the certificate of zoning compliance, we find that the record does not support this argument. Bagford specifically testified that there was no record of the certificate ever being issued. Moreover, Collins' testimony at trial was not that the city admitted the certificate had been issued but then subsequently lost; rather, Collins testified the city's employee "didn't have an answer" to the question of whether paperwork from the file may have been lost.

{¶ 23} Appellant sought to demonstrate it had not violated the city's ordinance requiring the issuance of a certificate of zoning compliance by presenting evidence that (1) the state had issued vendor's licenses and motor vehicle dealer licenses to it, (2) the city turned on utilities to the property after inspecting the property in 2011, (3) it had been operating an auto sales business at the property since 2011, and (4) other auto businesses had operated at the property in the past. However, this evidence does not establish that a certificate of zoning compliance had been issued by the city. As the trial court stated when

rendering its guilty finding,

> Mr. Collins testified and I've listened to what he has said. I don't think he was making anything up, but what he said didn't address the question. Um – these documents that [appellant] presented or whether there's been a business there that the State of Ohio has recognized doesn't address the question. The question that the city presented here with this case was, was there a certificate of zoning compliance issued and I'm convinced beyond a reasonable doubt by them, that there wasn't.

{¶ 24} Given the evidence presented at trial, we find that the trial court did not lose its way and create such a manifest miscarriage of justice that appellant's conviction for violating Hamilton Codified Ordinances Section 1150.40 must be reversed. Appellant's conviction is not against the manifest weight of the evidence merely because the trier of fact believed the testimony of the city's witness. *See State v. Burrell*, 12th Dist. Fayette No. CA2016-04-005, 2016-Ohio-8454, ¶ 22. As appellant's conviction was not against the manifest weight of the evidence, we necessarily conclude that the state presented sufficient evidence to support the trial court's finding of guilt. *See Jones*, 2013-Ohio-150 at ¶ 19.

{¶ 25} Appellant's sole assignment of error is, therefore, overruled.

{¶ 26} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.